1 MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
2 SUHEY RAMIREZ (NY SBN 5472022)
Trial Attorney
3 UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
4 280 South First St., Suite 268
5 San Jose, CA 95113
Telephone: (408) 535-5525
6 Facsimile: (408) 535-5532
Email: Suhey.Ramirez@usdoj.gov
7
8 Attorneys for United States Trustee
Tracy Hope Davis

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 19-51152 MEH |
| ) | |
| CHUAN MIN CHANG and ) | |
| CHIU CHUAN WANG, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| UNITED STATES TRUSTEE ) | Adversary Case No. |
| TRACY HOPE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| CHUAN MIN CHANG and ) | |
| CHIU CHUAN WANG, ) | |
| Defendants. ) | |
| _____ ) | |

**UNITED STATES TRUSTEE'S COMPLAINT FOR DENIAL OF DISCHARGE**
**11 U.S.C. §§ 727(a)(2) and (4)**

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee" and/or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint for Denial of

1

the Debtor-Defendants', Chuan Min Chang's and Chiu Chuan Wang's, discharge and alleges in support thereof as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding is brought in connection with the Debtor-Defendants' above captioned case under Chapter 7 of the Bankruptcy Code, Case No. 19-51152 (the "Underlying Case").

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334 and 11 U.S.C. § 727. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Plaintiff consents to entry of final orders and judgment by the Court.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Plaintiff has standing to object to the granting of a discharge pursuant to 11 U.S.C. § 727(c)(1).

5. The U.S. Trustee consents to this Court entering final judgment and orders in this matter.

## THE PARTIES

6. Plaintiff is the U.S. Trustee for Region 17, which includes the Northern District of California, and has standing to bring this action pursuant to 11 U.S.C. § 727(c)(1).

7. The Defendants Chuan Min Chang and Chiu Chuan Wang (defined below) were residents of Santa Clara, California at the time of the bankruptcy filing and are debtors under Chapter 7 of Title 11 of the United States Code in bankruptcy case number 19-51152 pending in the Underlying Case.

# GENERAL ALLEGATIONS

8. Chuan Min Chang (the "Debtor") and Chiu Chaun Wang (the "Joint Debtor"), (collectively, the "Debtor-Defendants") by and through their undersigned counsel, Stanley A. Zlotoff, filed a voluntary petition (the "Petition") together with their Schedules A-J (collectively, the "Schedules") and Statement of Financial Affairs (the "SOFA") and Chapter 13 plan under Chapter 13 of the Bankruptcy Code on June 6, 2019 (the "Petition Date"), but the case was later converted to Chapter 7 on November 27, 2020. ECF Nos. 1-2, 4-5 *and* 137.

9. The Debtor-Defendants' Chapter 13, 11 U.S.C. § 341 Meeting of Creditors was held and concluded on July 22, 2019. *Id.* Docket entry entered on July 25, 2019. Devin Derham-Burk served as the Standing Chapter 13 Trustee (the "Chapter 13 Trustee") in the Underlying Case.

10. Pursuant to the Court's Notice of Chapter 7 Bankruptcy Case, entered on November 13, 2020, the deadline to object to the Debtor-Defendants' discharge is February 16, 2021. ECF No. 133. Accordingly, this Complaint is timely.

**A.  The Petition, Schedules and SOFA filed in the Underlying Case**

11. On the Petition Date, Debtor-Defendants filed their Schedules and SOFA and executed declarations under penalty of perjury certifying that the representations made therein were true and correct. ECF No. 1.

12. On Schedule A/B, the Debtor-Defendants listed a single-family home located at 712 Stone Creek Lane, Patterson CA 95363 (the "Patterson Property"), valued at $367,655.00 and two vacant lots located in Maricopa, Arizona, valued at $24,259.00 and $15,000.00, respectively. *Id.*

13. Furthermore, on Schedule A/B the Debtor-Defendants listed three vehicles,

including a 2008 F250 Ford; 2013 Transit Connect Ford and a 2016 Q5 3.0T Audi, valued at $11,257.00; $6,839.99 and $22,271.00, respectively. *Id.*

14. On Schedule A/B, Part 3 the Debtor-Defendants listed a total value of $4,050.00 in personal and household items. *Id.*

15. On Schedule A/B, Part 4, Line 17, the Debtor-Defendants listed two checking accounts: (1) bank account valued at $6,406.02 and (2) East West Bank account valued at $300.00; and two saving accounts with Wells Fargo valued at $345.06 and $781.81, respectively. *Id.*

16. On Schedule A/B, Part 4, Line 21, the Debtor-Defendants listed a 401(k)-account with Charles Schwab, valued at $0.00; an IRA account with Charles Schwab, valued at $0.00; and an IRA account with East West Bank, valued at $0.00. *Id.*

17. On Schedule C, the Debtor-Defendants claimed amongst other things a homestead exemption in the amount of $170,350.00 for the Patterson Property. *Id.*

18. On the SOFA, Part 6, Line 15, the Debtor-Defendants stated that they had no losses in the one-year period prior to filing the Underlying Case due to theft, fire, other disaster, or gambling. *Id.*

19. On the SOFA, Part 7, Line 18, the Debtor-Defendants stated in the two-year period prior to filing the Underlying Case they did not sell, trade, or otherwise transfer any property to anyone. *Id.*

20. On the SOFA, Part 8, Line 22, the Debtor-Defendants stated that they had not stored property in a storage unit or place other than their place of residence within one-year before filing the Underlying Case. *Id.*

21. On Schedule I, the Debtor indicated that he was self-employed with Jack Construction and earned a gross monthly income of $3,225.00 from operating a business and $493.00 from social security benefits. *Id.* Furthermore, on Schedule I, the Joint Debtor indicated

4

that she was retired and earned monthly rental income of $1,800.00 and $1,206.00 from social security benefits. *Id.*

### B. Motion for Relief From the Automatic Stay filed by Creditors

22. On June 28, 2019, Creditors, James Hwang and Debra Wu (collectively, the "Creditors"), filed a Motion for Relief from the Automatic Stay (the "Stay Motion") seeking to enforce an arbitration award entered in connection with a lawsuit pending in Santa Clara Superior Court (assigned case No: 17CV305872) (the "Lawsuit") awarding Creditors damages in the amount of $133,632.00, plus attorney's fees and costs (the "Arbitration Award"). ECF No. 16.

23. The Stay Motion, alleged amongst other things that the Lawsuit was filed against the Debtor and resulted in extensive litigation concerning a dispute over a construction defect in a single-family residential home in Cupertino, California. *Id.* According to the Stay Motion, the Lawsuit alleged breach of contract, negligent representation, and negligent and defective construction, which lead to an unsuccessful mediation and a subsequent binding arbitration, (assigned case No. 1110022982). *Id.*

24. A hearing on the Stay Motion was held and an Order granting the unopposed Stay Motion and allowing the Creditors to seek entry of an order confirming the Arbitration Award was entered on July 9, 2019. ECF No. 23 *and See* Docket generally.

### C. Depositions in the Underlying Case

25. The Creditors filed several Motions for 2004 Examinations and subpoenaed third-parties for a deposition in the Underlying Case. ECF Nos. 19, 36, 37, 46, 113-9 *and* 118.

Amongst the individuals deposed were the Debtor-Defendants and third-party individuals by the names of Margaret Chan ("Ms. Chan"), Humphrey Shen ("Mr. Shen") and Ricky Short ("Mr. Short"). ECF Nos. 19, 37, 113-9 *and* 118.

    **a.**    **<u>Debtor-Defendants' Testimony</u>**

26. On July 2, 2019, the Creditors filed a Motion for 2004 Examination seeking additional information related to the Debtor-Defendants' Schedules, SOFA and other financial information relevant to the administration of the Debtors' estate, which was subsequently granted on July 9, 2019. ECF Nos. 19 *and* 20.

27. The 2004 Examination was held on July 29, 2019 (the "Defendants' 2004 Examination"). ECF No. 118. During the Defendants' 2004 Examination, the Debtor testified, in relevant part, that:

    a.    He has a daughter named Chia Luo Wang, another daughter named Chang I- Chun and a son named, Daniel Wang.

    b.    Mr. Shen is one of his close friends and he does not have any other relationship with Mr. Shen.

    c.    He shares a joint account held at Citibank with Mr. Shen, which has an estimated value of $600.00 (the "Shen Account").

    d.    The purpose of the Shen Account is to spend money without their [the Debtor and Mr. Shen's] wives knowing.

    e.    He was aware of the Shen Account on the Petition Date.

    f.    He does not have a joint account with anyone else other than Mr. Shen.

    g.    The Shen Account is the only undisclosed account.

    h.    He resides at 770 North Winchester Boulevard (the "Debtors' Rental

Address") and the Joint Debtor does not reside at this location.

    i.  His retirement account with East West Bank has an estimated value of $20,000.00. ECF No. 113-8.

 28. On the same day, the Joint Debtor testified in relevant part that:

   a.  She has one daughter named, Carol and one son named Daniel Wang.

   b.  She borrowed money from Carol to put as a down payment for the Patterson Property.

   c.  Her daughter Carol kept all the financial records, and she managed every thing and is the only person who has documents related to the Patterson Property.

   d.  The Joint Debtor intended on living at the Patterson Property but was unable due to how far her job was located.

   e.  She rented out the Patterson Property in the past to someone whom she does not remember their name and later rented the Patterson Property to another individual who is a teacher.

   f.  The Patterson Property was currently rented to an individual by the name of Rick, who is married and has two children also residing with him.

   g.  Rick used to pay $1,800.00 per month in rent but now only pays $1,000.00.

   h.  She currently sleeps in a spare living room space turned bedroom at the Patterson Property and does not have any furniture or personal property at the Patterson Property. ECF No. 113-4.

 **b.** **<u>Mr. Short's Testimony</u>**

 29. On August 30, 2019, the Creditors filed a Motion for 2004 Examination seeking additional information related to the Debtor-Defendants' Schedule C which claimed a homestead

exemption for the Patterson Property and seeking information related to Mr. Short's tenancy at the Patterson Property, which was subsequently granted on September 3, 2019. ECF Nos. 37 *and* 39.

30. The 2004 Examination was held on November 22, 2019 ("Short 2004 Examination"). ECF No. 124-1. During the Short 2004 Examination, Mr. Short testified in relevant part that:

    a. The Joint Debtor stayed at the Patterson Property for approximately four months.

    b. The Joint Debtor left one luggage and toiletries at the Patterson Property.

    c. The Joint Debtor told Mr. Short that she wanted to move in and that he can either leave or share the rent with her.

    d. While the Joint Debtor was staying at the Patterson Property, the rent of $1,700.00 was split between them. However, he is currently paying the entire amount of $1,700. *Id.*

    **c.** **Mr. Shen's Testimony**

31. On August 26, 2020, the Creditors served Mr. Shen with a subpoena to testify at a deposition in the Underlying Case. ECF No. 113-9.

32. At the deposition, Mr. Shen produced amongst other things, documents including Citibank credit card statements demonstrating that on average he spends between $2,000.00 to $3,500.00 per month at stores where a general contractor would typically purchase supplies from (the "Credit Card Statement"). *Id.* at Ex. 11. For example, the Credit Card Statement indicates numerous charges to Home Depot, Pilot and AMC Glass Co, Inc. *Id.*

**d.  Ms. Chan's Testimony**

33.  On August 28, 2020, the Creditors deposed Ms. Chan ("Chan 2004 Examination").  ECF No. 118.

34.  Ms. Chan testified in relevant part that:

a.  She contracted the Debtor to remodel her new home.

b.  Prior to the Petition Date, the Debtor asked her to open a bank account in her name for his personal use (the "Chan Account").

c.  The Chan Account was opened May 9, 2019, less than a month before the Petition Date.

d.  After opening the Chan Account, Ms. Chan gave the checkbooks to the Debtor and signed blank checks for him.  The Debtor then used the Chan Account for his construction business and made deposits into the Chan Account from client payments.

e.  On December 13, 2019, a check in the amount of $31,786.20 was deposited into the Chan Account.

f.  Although she did not remember the exact amounts of all the checks, the deposits were typically thousands of dollars a couple of times per week.

g.  Prior to the Chan 2004 Examination, the Debtor asked Ms. Chan to lie and testify that the money in the Chan Account was her money and that she was helping him to pay his rent, but Ms. Chan told him that she cannot lie about that.

h.  At some point, Ms. Chan asked the Debtor to close the Chan Account and they went to the bank to close it.  *Id.* at Ex. 1.

### D. The Amended Schedules Filed in the Underlying Case

35. On August 16, 2019, the Debtor-Defendants filed Amended Schedule A/B (the "Amended Schedule A/B"); Amended Schedule C (the "Amended Schedule C") and Amended Schedule I (the "Amended Schedule I") (collectively, the "Amended Schedules"). ECF No. 33.

36. On the Amended Schedule A/B, Part 4, Line 17, the Debtor-Defendants listed the Shen Account in the amount of $626.00, **consisting of an increase in value of $626.00 from the original Schedule A/B.** ECF No. 33.

37. On the Amended Schedule A/B, Part 4, Line 21 the Debtor-Defendants listed a 401(k)-account held with Charles Schwab, valued at $0.00; IRA account also held with Charles Schwab, valued at $6,528.00 and an IRA account held with East West Bank, valued at $26,131.00 (collectively, the "Retirement Accounts") **consisting of an increase in value of $32,659.00 from the original Schedule A/B.** *Id.*

38. On the Amended Schedule C, the Debtor-Defendants claimed amongst other things an exemption for the Retirement Accounts in the total amount of $32,659.00, **consisting of an increase in value of $32,659.00 from the original Schedule C.**

39. On the Amended Schedule I, the Joint Debtor indicated monthly rental income of $1,000.00, **consisting of a decrease in income of $800.00 from the original Schedule I.**

40. The Debtor-Defendants executed the Amended Schedules in the Underlying Case under penalty of perjury, declaring the information provided therein to be true and correct. *Id.*

### E. The Amended Statement of Financial Affairs Filed in the Underlying Case

41. On July 19, 2019, the Debtor-Defendants filed an Amended Statement of Financial Affairs in the Underlying Case (the "Amended SOFA"). ECF No. 24.

42. On the Amended SOFA, Part 6, Question 15, the Debtor-Defendants stated that they had losses in the amount of $60,845.00 in the one-year period prior to the Petition-Date due to gambling constituting **an increase of $60,845.00 from the original SOFA.** *Id.*

43. Furthermore, in Part 8, Question 22, the Debtor-Defendants stated that they had stored furniture and tools in a storage facility within one-year before filing the Underlying Case. *Id.*

44. On August 16, 2019 the Debtor-Defendants filed a Second Amended Statement of Financial Affairs (the "Second Amended SOFA"), and on Question 2, they listed the Debtors' Rental Address as a place the Debtor lived in the past 3 years.

45. The Debtor-Defendants executed the Amended SOFA in the Underlying Case under penalty of perjury, declaring the information provided therein to be true and correct. *Id.*

**F.    Second Amended Schedules Filed in the Underlying Case**

46. On December 14, 2020, the Debtor-Defendants subsequently filed a second amended Schedule A/B (the "Second Amended Schedule A/B"). ECF No. 143.

47. On the Second Amended Schedule A/B, Part 4, Line 17, the Debtor-Defendants listed the Chan Account valued at $22,000.00, **constituting an increase of $22,000 from the original Schedules and Amended Schedules.** *Id.*

48. The Debtor-Defendants executed the Second Amended Schedules in the Underlying Case under penalty of perjury, declaring the information provided therein to be true and correct. *Id.*

49. In summary, the difference between value of the figures reflected on the Debtor-Defendants' initially filed bankruptcy schedules and statements is as follows:

| TYPE | ORIGINAL VALUE | AMENDED VALUE | DIFFERENCE |
|---|---|---|---|
| Shen Account | $0.00 | 626.00 | 626.00 |
| Chan Account | $0.00 | $22,000.00 | $22,000.00 |
| Retirement Accounts | $0.00 | $32,659.00 | $32,659.00 |
| **TOTALS** | **$0.00** | **$55, 285.00** | **$55,285.00** |
| SOFA, Part 6, Question 15 (Losses) | $0 | $60,845.00 | $60,845.00 |
| SOFA, Part 8 Question 22 (Storage) | $0 | Unknown | Unknown |

### G. Conversion to Chapter 7

50. On August 18, 2020, the Debtor filed a Motion to Dismiss (the "Motion to Dismiss") the Underlying Case with respect to himself but not the Joint Debtor, which was opposed by the Chapter 13 Trustee and the Creditors. *See* ECF Nos. 107, 110, and 111.

51. On November 12, 2020 (the "Conversion Date"), the Court entered an order converting the case to a chapter 7 (the "Conversion Order") on the grounds that the Debtor-Defendants' acts established a clear intent to remove assets from the Debtor-Defendants' estate to reduce creditors' recovery and a willingness to transfer property to hinder collection efforts. ECF No. 132. Specifically, with respect to the transfer of property, the Court found that prior to the Underlying Case, the Joint Debtor transferred the Patterson Property by grant deed to her daughter on January 10, 2017 and again on July 15, 2018. *Id.* The transfer was not reversed

until April 23, 2019, shortly before the Petition Date (the "Pre-petition Transfer"). *Id.* Furthermore, the Court found that a chapter 7 trustee can investigate whether there are additional assets. *Id.*

52. Fred Hjelmeset is the Chapter 7 Trustee in the Underlying Case (the "Chapter 7 Trustee").

**FIRST CLAIM FOR RELIEF**
**DEBTOR-DEFENDANTS CONCEALED PROPERTY WITHIN ONE YEAR BEFORE THE PETITION DATE IN VIOLATION OF**
**11 U.S.C. §727(a)(2)**

55. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

56. Section 727(a)(2) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor with the intent to hinder, delay, or defraud his creditors and all interested parties, transferred, removed, and concealed, or permitted to be transferred, removed or concealed, his property, which was property of the Defendants within one year before the Petition Date under 11 U.S.C. § 727(a)(2)(A), or property of the Defendants after the Petition Date under 11 U.S.C. § 727(a)(2)(B).

57. In the Underlying Case, within one year of the Petition Date, the Debtor with the intent to hinder, delay, or defraud his creditors and all interested parties, concealed his interest in several assets through false, sworn representations in his Schedules and SOFA in the Underlying Case, including the following:

   a. First, his interest of $626.00 in the Shen Account. As mentioned above, the Debtor disclosed the Shen Account on his Amended Schedule A/B only after the Debtor-Defendants' Examination.

    b. Secondly, the Debtor concealed his interest of $22,000.00 in the Chan Account. As mentioned above, Ms. Chan testified that the Chan Account was opened May 9, 2019, however, the Debtor never included the Chan Account in his Schedules or Amended Schedule A/B. The Debtor only disclosed the Chan Account on his Second Amended Schedules after the Chan 2004 Examination.

    c. Lastly, the Debtor concealed his interest of $32,659.00 in the Retirement Accounts. As mentioned above, the Schedule A/B indicated a zero-dollar value in the Retirement Accounts. Only after the Debtor-Defendants' Examination did the Debtor disclose the collective value of the Retirement Accounts as $32,659.00.

  58. By concealing these assets, the Debtor hindered, delayed, and otherwise prevented his creditors from satisfying their debts. It was only after the Debtor-Defendant's Examination did the Debtor-Defendants amend their Schedule A/B to disclose the Debtors interest in the Shen Account and Retirement Account. Furthermore, only after the Chan 2004 Examination did the Debtor disclose the Chan Account on his Second Amended Schedule.

  59. The Debtor's knowing concealment constitutes the intentional hinder, delay or defrauding of creditors and all interested parties and warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(2).

**SECOND CLAIM FOR RELIEF**
**DEBTOR- DEFENDANTS KNOWINGLY AND FRAUDULENTLY MADE FALSE OATHS AND ACCOUNTS IN VIOLATION OF 11 U.S.C. § 727(a)(4)**

  60. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

61. Section 727(a)(4) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor knowingly and fraudulently made false oaths or accounts under 11 U.S.C. § 727(a)(4)(A).

62. In the Underlying Case, the Debtor-Defendants knowingly and fraudulently made false oaths and accounts by executing the Schedules and SOFA wherein his interest in several assets was falsified. The Debtor made false oaths and accounts on the following:

    a. First, during the Debtor-Defendants' Examination, the Debtor falsely misrepresented the nature of his relationship with Mr. Shen and testified that Mr. Shen was only a friend. Furthermore, the Debtor testified that the Shen Account was opened to hide money from their wives. In contrast however, at the Shen 2004 Examination, Mr. Shen produced the Credit Card Statements indicating that he pays on average $2,000.00 to $3,500.00 per month for debts incurred in general contracting based stores, such as Home Depot, inferring that Mr. Shen in fact has a business relationship with the Debtor.

    b. Secondly, within one year of the Petition Date, the Joint Debtor transferred the Patterson Property to her daughter and through false, sworn representations in her SOFA, Part 7, Line 18, she failed to disclose the Pre-petition Transfer.

    c. Lastly, the Debtor-Defendants fraudulently claimed a homestead exemption for the Patterson Property on their Schedule C. As indicated above, at the Debtor-Defendant's Examination, the Debtor testified that he resided at the Debtor's Rental Address and the Joint Debtor testified that she intended on residing at the Patterson Property but due to the commute to her employment, she was unable to do so. Furthermore, the Joint Debtor testified that the Patterson Property had always been used as a rental property, it was previously rented by an individual whose name she did not remember, then was subsequently rented by a teacher and

was currently rented by Mr. Short. Additionally, Mr. Short testified that the Joint Debtor only stayed at the Patterson Property temporarily and only had a luggage and toiletries at the Patterson Property. Based on this information obtained, the Debtors were not entitled to claim a homestead exemption in the Patterson property because they did not reside in the house.

63. The Debtor-Defendants knowingly and fraudulently made false oaths and accounts by executing the Schedules and SOFA wherein their interest in several assets and information regarding their homestead exemption in the Patterson Property.

64. The Debtor-Defendants' false oaths or accounts and withholding of recorded information, warrant a denial of discharge pursuant to 11 U.S.C. § 727(a)(4).

//

//

//

**PRAYER**

WHEREFORE, Plaintiff prays for the following:

Judgment and order denying the Debtor-Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2).

Judgement and order denying the Debtor-Defendant's discharge pursuant to 11 U.S.C §727 (a)(2).

For such other and further relief as the Court deems just and proper including costs of suit herein.

DATED: February 11, 2021

Respectfully Submitted,

| | |
|---|---|
| | TRACY HOPE DAVIS<br>UNITED STATES TRUSTEE |
| By: | /s/ Suhey Ramirez<br>Suhey Ramirez<br>Trial Attorney for United States Trustee |

17